UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re COMVERSE TECHNOLOGY, INC.　　　　　MEMORANDUM AND ORDER
DERIVATIVE LITIGATION
　　　　　　　　　　　　　　　　　　　　　　06-CV-1849 (NGG)(RER)

----------------------------------------------------------------X

GARAUFIS, United States District Judge.

By Memorandum and Order dated September 22, 2006 ("Judge Reyes' Order"), Magistrate Judge Ramon E. Reyes selected the law firm of Bernstein Litowitz Berger & Grossman LLP ("Bernstein Litowitz"), which represents Plaintiff Louisiana Municipal Police Employees' Retirement System ("LMPERS"), as lead counsel in this consolidated shareholder derivative action. Plaintiffs Noam Sokolow ("Sokolow"), Bruce Braverman ("Braverman"), and Charles G. Cooper, et al. ("Cooper") (collectively, the "Cooper Plaintiffs"), object to these findings pursuant to Fed. R. Civ. P. 72(a), and ask this court to set aside and vacate Judge Reyes' Order as clearly erroneous and contrary to law. The court has considered thoroughly Judge Reyes' Order, the Cooper Plaintiffs' objections, and LMPERS' response. For the reasons set forth below, the court finds no basis on which to set aside Judge Reyes' Order, and accordingly overrules the Cooper Plaintiffs' objections.

**I.　　FACTUAL BACKGROUND**

This case arises out of the allegedly unlawful granting of stock options by Comverse Technology, Inc. ("Comverse") to its senior executives. On April 17, 2006, Comverse announced that it would be restating its financial results for fiscal years 2001 through 2005, due to the backdating of stock-option grants during that period. (See Cooper Group Complaint, No. 06-CV-3138, ¶¶ 2, 65-103.) On May 1, 2006, the first resulting federal shareholder derivative

complaint was filed by Plaintiff Frank Capovilla ("Capovilla") against Defendant Kobi Alexander and other Comverse executives. In the two months following the filing of that initial complaint, four other plaintiffs – Sokolow, Braverman, LMPERS, and Cooper – filed shareholder derivative complaints against the same defendants. By order dated August 16, 2006, this court consolidated all five complaints under the caption In re Comverse Technology, Inc. Derivative Litigation, 06-CV-1849.

Plaintiffs filed three competing motions to organize and appoint a lead plaintiff and lead counsel in the consolidated shareholder derivative action. Capovilla moved to be appointed lead plaintiff and to have his attorneys, the Law Offices of Thomas G. Amon and the law firm Robbins Umeda & Fink, LLP, appointed co-lead counsel. LMPERS moved to be appointed lead plaintiff, and for its counsel, Bernstein Litowitz, to be appointed lead counsel. Sokolow and Braverman together moved to have their respective law firms, Wolf Haldenstein Adler Freeman & Herz LLP and Abraham Fruchter & Twersky LLP ("Wolf Haldenstein/Abraham Fruchter") appointed co-lead counsel. On June 26, 2006, Cooper joined in the Sokolow and Braverman motion to have Wolf Haldenstein/Abraham Fruchter appointed co-lead counsel. The Cooper Plaintiffs also sought to have Cooper appointed lead plaintiff.

On September 22, 2006, by Memorandum and Order, Judge Reyes declined to appoint a lead plaintiff, but did select LMPERS' counsel, Bernstein Litowitz, to serve as lead counsel. (Judge Reyes' Order at 4, 9.) The Cooper Plaintiffs objected to that order and have asked this court to vacate that decision. For the reasons set forth below, the Cooper Plaintiffs' objections to Judge Reyes' Order are overruled in all respects.

## II. DISCUSSION

### A. *Waiver of the Right to Object*

As a threshold matter, LMPERS argues that the Cooper Plaintiffs waived their right to seek this court's review of Judge Reyes' decision, inasmuch as both parties consented to Judge Reyes' authority to decide this matter. (See Hearing Tr. (9/12/06) at 67:22-68:7; LMPERS Opp. at 3.) LMPERS contends that a "failure to object to the authority of a magistrate judge, especially when preceded by express consent to the magistrate judge (as is the case here), waives any constitutional right to an Article III judge." (Id. at 2.)

LMPERS's argument is without merit. A magistrate's authority to decide a matter is entirely distinct from the legal remedies afforded a party seeking to object to a magistrate judge's decision. Under Title 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority to decide nondispositive pretrial matters. See also Fed. R. Civ. P. 72(a). Under Title 28 U.S.C. § 636(b)(1)(B), a magistrate judge has the authority to issue a Report and Recommendation ("R&R") for any dispositive matter that a district court judge refers. See also Fed. R. Civ. P. 72(b). Under either provision, however, a party can object to a magistrate judge's decision.[1] See Fed. R. Civ. P. 72(a),(b).

In this case, the court referred all nondispositive matters to Judge Reyes for a decision pursuant to Rule 72(a). (Order dated August 16, 2006, at 2.) The parties' nondispositive

---

[1] While a party can object to a magistrate judge's decision issued pursuant to either type of referral, the Federal Rules of Civil Procedure outline different procedural mechanisms for those objections. The primary distinction between objections made pursuant Rule 72(a) and Rule 72(b) lies in the standard of review applied by the district court. Under Rule 72(a), a magistrate judge's decision can be vacated only if it is "clearly erroneous or contrary to law," whereas Rule 72(b) applies a de novo review standard to objections to a magistrate judge's report and recommendation. See Fed R. Civ. P. 72(a),(b); see also infra, Section II.B.

motions to organize this derivative action and appoint a lead plaintiff and lead counsel were thus properly addressed by Judge Reyes. In an abundance of caution, Judge Reyes confirmed that the parties did not object to their motions to organize this derivative action being decided by him pursuant to Rule 72(a), as opposed to his addressing them via R&R under Rule 72(b). (See Hearing Tr. (9/12/06) at 67:22-68:7.) The parties consented, and Judge Reyes properly proceeded to decide this matter via Memorandum and Order pursuant to Rule 72(a).

Having consented to a magistrate judge's authority to act pursuant to the Rule 72(a) referral, the Cooper Plaintiffs in no way compromised their legal right to object to the resulting decision. Under Rule 72(a), "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order." The Cooper Plaintiffs filed timely objections within ten days of Judge Reyes' Order and have not waived any right to do so. The court will thus consider those objections accordingly.

### B. *Standard of Review*

"Magistrate judges are given broad discretion to resolve nondispositive matters that come before them." Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Management, Inc., 03-CV-0531, 03-CV-1625, 2005 U.S. Dist. LEXIS 32116, at *3 (E.D.N.Y. June 28, 2005). However, if a party objects to an order by a magistrate judge in a nondispositive pretrial matter pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) (the "judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

4

In their opening brief, the Cooper Plaintiffs appear to argue that the court should review Judge Reyes' decision under a de novo standard of review. (See Cooper Plaintiffs' Mem. at 6 ("[I]n light of the Cooper Plaintiffs' timely objection, this Court shall make a 'de novo determination' of any portion of Magistrate Judges' Order to which objection is made.").) But the authority to which the Cooper Plaintiffs cite in support of their argument specifically delineates the proper standard of review as "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see also Cooper Plaintiffs' Mem. at 6. Moreover, in their reply brief, the Cooper Plaintiffs make no reference to their contention that this court should review Judge Reyes' Order de novo, instead invoking the proper standard of "clearly erroneous or contrary to law." (Cooper Plaintiffs' Reply Mem. at 2.) The law is clear that a magistrate judge's order pursuant to a referral under Rule 72(a) can be reviewed under only a "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a). The motion at issue was indeed referred to Judge Reyes pursuant to Rule 72(a). (See supra Section I.A.) This court must then apply a "clearly erroneous or contrary to law" standard to its review of Judge Reyes' Order.

A magistrate judge's findings may be considered "clearly erroneous" where "'on the entire evidence,' the [district court] is 'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234, 243 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Further, because this standard of review is "highly deferential" and "imposes a heavy burden on the objecting party," magistrate judges are afforded broad discretion, and the law "only permits reversal where the magistrate judge abused his discretion." Mitchell v. Century 21 Rustic Realty, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

### C. The Selection of Bernstein Litowitz as Lead Counsel

In their objections, the Cooper Plaintiffs argue that Judge Reyes erred in appointing Bernstein Litowitz (LMPERS' counsel), and not Wolf Haldenstein/Abraham Fruchter (the Cooper Plaintiffs' counsel), to lead this consolidated shareholder derivative action.[2] Specifically, the Cooper Plaintiffs delineate two purported errors:

> (1) Judge Reyes acted contrary to law in wholly refusing to consider the choice of counsel of the applicant with by far the largest financial interest, and
>
> (2) Judge Reyes' Order was clearly erroneous in finding that LMPERS filed a more comprehensive complaint than the Cooper Plaintiffs.

(Cooper Plaintiffs' Mem. at 8, 10-12.) This court finds that neither decision was clearly erroneous or contrary to law.

With respect to the first alleged error, the Cooper Plaintiffs mistakenly characterize Judge Reyes' Order as having "wholly refus[ed] to consider the choice of counsel of the applicant with by far the largest financial interest." (Id. at 8.) That is simply not the case. Far from wholly refusing to consider that factor, Judge Reyes assessed its import and concluded that the Private Securities Litigation Reform Act of 1995 ("PSLRA") provision that sets a presumption in favor of selecting a plaintiff with the largest financial interest should not be dispositive in the shareholder derivative context. (Judge Reyes' Order at 6 n.6.) In so doing, Judge Reyes properly pointed to the fact that the nature of private securities litigation differs from shareholder derivative cases brought on behalf of a corporation, in which shareholders will benefit only

---

[2] This court does not address that portion of Judge Reyes' Order in which he declined to appoint a lead plaintiff in this case, inasmuch as the Cooper Plaintiffs did not object to that aspect of Judge Reyes' decision.

indirectly. (Id.) That difference is particularly apposite in assessing the relevance of the aforementioned presumption. Judge Reyes properly considered the possibility of choosing the plaintiff with the largest financial interest and found that such a presumption is not appropriate, and is certainly not required by law, in this derivative action.

Indeed, the scant body of case law to which the Cooper Plaintiffs point underscores the Cooper Plaintiffs' failure to satisfy the "contrary to law" standard. Even those few cases cited by the Cooper Plaintiffs (which at most carry persuasive authority in this court) stand only for the proposition that such a factor *can* be considered. Indeed, the Cooper Plaintiffs tacitly concede as much when they argue that Judge Reyes should have defaulted to the plaintiff with the largest financial interest "[g]iven the lack of any other substantial distinguishing factors." (Cooper Plaintiffs' Reply Mem. at 4.) Thus, even by their own contention, that default position is relevant only when all things are otherwise equal. But Judge Reyes found that the Bernstein Litowitz complaint was more comprehensive than the others. Thus, at bottom, review of this first alleged error turns on this court's review of the second alleged error, which is Judge Reyes' core finding: that the Bernstein Litowitz complaint constituted a more comprehensive pleading.

With respect to that alleged error, this court finds that Judge Reyes' ruling that the quality of the Bernstein Litowitz was superior to that of the Cooper Plaintiffs' complaint does not constitute clear error. In his ruling, Judge Reyes declined to choose lead counsel based on "[f]actors that are difficult to quantify with precision, or factors that at best indicate a draw." (Judge Reyes' Order at 7.) Finding that the divergent legal theories espoused by the different complaints demonstrated competing legal strategies that could be integrated when the consolidated amended complaint is filed, Judge Reyes decided that the best way to assess the quality of the pleadings was to focus on the superior factual predicate underlying the Bernstein

7

Litowitz complaint. In that respect, the LMPERS complaint identifies more than half of a decade worth of allegations that are not implicated by the Cooper Plaintiffs' complaint. On that basis, Judge Reyes determined that the investigation of the underlying facts in this case and the resulting superior factual backdrop of the LMPERS complaint set Bernstein Litowitz apart as the best choice to lead this consolidated shareholder derivative action.

The Cooper Plaintiffs argue, however, that the Bernstein Litowitz complaint was neither superior nor more factually comprehensive, but instead was simply updated to reflect facts disseminated in widespread news reports that had surfaced since the earlier complaints had been filed. In effect, the Cooper Plaintiffs argue that Judge Reyes rewarded Bernstein Litowitz for filing a late complaint.

The Cooper Plaintiffs fail to demonstrate that their failure to include the expanded time frame for the alleged backdating options scheme was due to the relative timing of their filing as compared with that of LMPERS for two reasons. First, defending its superior investigation of the factual elements of this case, LMPERS points to a March 18, 2006 <u>Wall Street Journal</u> article that predated all of the complaints filed in this case (including the Cooper Plaintiffs' complaint) and which suggested that the unlawful scheme dated back to the mid-1990s. (<u>See</u> Cooper Complaint ¶ 106.) Thus, the Cooper Plaintiffs' contention that they simply were unable to allege a more expansive time frame appears to be unfounded. Second, of the three individual plaintiffs who united to form the Cooper Plaintiffs in competing for lead counsel, only two (Sokolow and Braverman) had filed their complaints prior to the LMPERS filing on June 8, 2006. Thus, the Cooper Plaintiffs fail to account for the fact that one of their own complaints (filed by Charles Cooper) was filed on June 23, 2006, *after* that of LMPERS, and still failed to include the expanded universe of factual allegations that the Cooper Plaintiffs now contend to have been

8

readily available to all since early May 2006. Consequently, I find that Judge Reyes' focus on the different time periods implicated by the complaints is entirely appropriate.

Lastly, the Cooper Plaintiffs miss the point when they ask this court to overlook any such shortcomings in their complaints' factual comprehensiveness inasmuch as any such deficiency can be cured in an amended consolidated complaint. In choosing among competing plaintiffs and their respective counsel, the court can look to the quality of the pleadings – not because a complaint's substance is final and cannot be amended, but rather because the pleadings serve as an accurate and appropriate barometer through which the court can assess which firm would best represent the interests of the shareholders and the rights of the corporation. See generally Fed. R. Civ. P. 23.1; see also Dollens v. Zionts, No. 01-5931, 2001 WL 1543524, at *5 (N.D. Ill. Dec. 4, 2001). That is precisely the analysis that Judge Reyes undertook in his Order, and the Cooper Plaintiffs' contention that they can cure any factual deficiency is consequently inapposite.

Therefore, I find that Judge Reyes' conclusions that Bernstein Litowitz should be selected as lead counsel is "based on an appropriate legal analysis and [his] determination is well within his discretion." Boyce v. Allied Interstate, Inc., No. 05-CV-1596, 2005 U.S. Dist. LEXIS 22102, at *1-*2 (E.D.N.Y. Sept. 28, 2005).

### III. CONCLUSION

Accordingly, the Cooper Plaintiffs' objections to Judge Reyes' Order are overruled.
SO ORDERED.

Dated: December 6, 2006             /s/ Nicholas G. Garaufis
     Brooklyn, N.Y.             Nicholas G. Garaufis
                                                        United States District Judge